UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH E. SCHRIVER, JR., ) | |
| Plaintiff, ) | No. CV-10-286-JPH |
| ) | |
| v. ) | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REVERSING AND REMANDING PURSUANT TO SENTENCE FOUR |
| MICHAEL J. ASTRUE, Commissioner ) of Social Security, ) | |
| Defendant. ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 9, 2011 (ECF No. 14, 16). Attorney Maureen J. Rosette represents plaintiff. Special Assistant United States Attorney Matthew W. Pile represents the Commissioner of Social Security (Defendant). The parties consented to proceed before a magistrate judge (ECF No. 7). On July 20, 2011, plaintiff filed a reply (ECF No. 18). After reviewing the administrative record and the briefs filed by the parties, the court **grants** plaintiff's motion for summary judgment (ECF No. 14), **reverses and remands for further proceedings**, and **denies** defendant's motion for summary judgment (ECF No. 16).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for supplemental security income (SSI) and disability insurance

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                           - 1 -

benefits (DIB) on October 7, 2008, alleging onset as of July 15, 2006, due to right elbow, right knee, back, and left ankle pain; constant headaches, dizzy spells, hearing problems, heart palpitations, and blackouts (Tr. 129-135, 136-142, 151, 155, 199). In January 2010 plaintiff alleged he suffered from depression (Tr. 323). The applications were denied initially and on reconsideration (Tr. 73-76, 77-80). On February 26, 2010, Administrative Law Judge (ALJ) R. J. Payne held a hearing. Plaintiff, represented by counsel, and a medical expert testified (Tr. 33-68).

On March 11, 2010, the ALJ issued an unfavorable decision (Tr. 16-27). The Appeals Council denied review on August 6, 2010 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On August 27, 2010, plaintiff filed this action for judicial review (ECF No. 1, 4).

**STATEMENT OF FACTS**

As the parties are familiar with the facts, we will not repeat them here.

Plaintiff was 47 years old when the ALJ filed his decision. He graduated from high school and has worked as a vineyard laborer, hotel houseman, and warehouse worker (Tr. 40-44, 160, 167).

Plaintiff testified his ankle hurts daily; once or twice a month it is so painful he is unable to walk on it. He has constant headaches, occasional back pain, and an elbow injury prevents lifting (Tr. 47-48, 50). Plaintiff has had vision

problems since childhood. He can only see with one eye at a time and has no binocular vision. He suffers heart palpitations 5-6 times a month; about three times a month this causes him to blackout (Tr. 51-53). Plaintiff has sleep problems. He can stand one hour and walk two hours; he "nods off" after sitting for an hour. He is able to carry and lift 10-15 pounds (Tr. 54-56, 61).

Plaintiff suffers depression and has suicidal thoughts every few days. He lives alone with his dog in an isolated area without running water, electricity, or indoor plumbing. The nearest water source is a half-mile from his home. He sees another person once a month (Tr. 53, 56-60, 63-64).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                              - 4 -

functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                          - 5 -

*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

///

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                              - 6 -

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through December 31, 2009, for DIB purposes (Tr. 16, 18). At step one, he found plaintiff did not engage in substantial gainful activity after onset on July 15, 2006 (Tr. 18). At steps two and three, he found plaintiff suffers from heart problems including syncope of unknown etiology, hypertension, mild cardiomyopathy, morbid obesity, left ankle status post sprain, and right eye strabismus with bilateral exotropia,[1] impairments that are severe but do not meet or equal Listing-level severity (Tr. 18, 23). [At the hearing counsel also stipulated no Listings were met or equaled. See Tr. 65-66.] The ALJ found plaintiff less than fully credible (Tr. 24), a finding he does not challenge on appeal. At step four, ALJ Payne found plaintiff is unable to perform any past relevant work (Tr. 25). At step five, relying on the grids, he found plaintiff is not disabled as defined by the Social Security Act (Tr. 26-27).

**ISSUES**

Plaintiff raises two issues. He alleges the ALJ should have credited the opinion of examining psychologist Dennis Pollack, Ph.D., and alleges the ALJ should have called a vocational expert to testify at step five instead of relying on the grids.[2] Plaintiff argues the presence of non-exertional limits required a

---

[1] "Strabismus" is an affection of the eyes in which the axes of vision cannot be coincidently directed to the same object; "exotropia" means the visual lines deviate outwards. Oxford Dictionaries. April 2010

[2] In this case the "grids" refers to Medical-Vocational Rule 202.21 at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.21.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                     - 7 -

vocational expert's testimony (ECF No. 15 at 6-10, and 15 at 10-12).

Asserting the ALJ's decision is free of error and supported by substantial evidence, the Commissioner asks the Court to affirm (ECF No. 17 at 6-12, and 17 at 12-16).

While the second issue is dispositive, the Court discusses both for purposes of remand.

**DISCUSSION**

**A. Weighing evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                                    - 8 -

81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**C. Grids at Step five**

Citing *Polny v. Bowen*, 864 F.2d 661 (9th Cir. 1988), plaintiff asserts the ALJ should have relied on a vocational expert rather than the grids at step five (ECF No. 15 at 10-12). The Commissioner asserts *Polny* is distinguishable because the claimant in that case suffered significant mental limitations, as opposed to Mr. Schriver's "comparatively minor postural and vision limitations." The Commissioner asserts because plaintiff's non-

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                              - 9 -

exertional limitations[3] would have very little affect on the occupational base for unskilled light work, the ALJ properly relied on the grids (ECF No. 17 at 12-15).

The ALJ assessed an RFC for unskilled light work with additional limitations: plaintiff can occasionally (1) climb ramps or stairs; and (2) stoop, kneel, crouch, crawl, or balance; but is (3) precluded from climbing ladders, ropes or scaffolds, and (4) cannot do work "requiring good binocular vision or depth perception" (Tr. 23).

The ALJ found:

> " . . . the additional limitations have little or no effect on the occupational base of unskilled light work. A finding of 'not disabled' is therefore appropriate under the framework of this rule. Indeed, the claimant has worked at substantial gainful activity levels with his reported impairments and limitations."

(Tr. 26).

It is the Commissioner's burden at step five to show there are other jobs a claimant can perform. In support of using the grids at step five, the ALJ cites Social Security Rulings (SSRs) 83-11, 83-12, 83-14 and 85-15.

Social Security Rulings do not have the force of law. *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir. 1998). Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations. Accordingly, we defer to Social Security

---

[3]Nonexertional limitation means any limitation other than the strength requirements, which consist of work positions (standing, walking and sitting) and worker movement of objects (lifting, carrying, pushing, and pulling). SSR 83-14 at page 1.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                      - 10 -

Rulings unless they are plainly erroneous or inconsistent with the Act or regulations. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989), citing *Paxton*, 856 F.2d at 1356 (additional citations omitted). As discussed below, the applicable rulings are consistent with the Social Security Act.

Plaintiff reads *Polny* too broadly. An ALJ cannot apply the grids where a claimant's nonexertional limitations are in themselves enough to limit his range of work. *Polny v. Bowen*, 864 F.2d 661, 664 (9th Cir. 1988); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). An allegation of nonexertional limitations "does not automatically preclude application of the grids." *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988).

The ALJ should "first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Desrosiers*, 846 F.2d at 577.

Here, the ALJ cited the SSRs and found plaintiff's additional impairments have little or no effect on the occupational base of unskilled light work (Tr. 26).

The Commissioner attempts to provide reasons for the ALJ's conclusion, but the Court is constrained to review the reasons the ALJ asserts. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)(citations omitted).

After reviewing the rulings cited by the ALJ, the Court concludes the evidence does not sufficiently support his step five determination.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                         - 11 -

Plaintiff's assessed RFC permits occasionally climbing stairs, and occasionally balancing, up to a third of the day. The ALJ found plaintiff cannot perform work requiring *good* binocular vision or depth perception (Tr. 23, purporting to rely on the medical expert's testimony at Tr. 38-39[4]). The requirement of *good* binocular vision is not supported by the evidence. Dr. Beezy testified plaintiff could do *no work* requiring binocular vision or depth perception (Tr. 38)(emphasis added).

SSR 83-14 (cited by the ALJ at Tr. 26) indicates most unskilled light jobs require a person to be standing or walking most of the day. The ruling also provides

> Where a person has a visual impairment which is not of Listing severity but causes the person to be a hazard to self and others -- usually a constriction of visual fields rather than a loss of acuity -- the manifestations of ... *difficulty in walking up and down stairs* ... will indicate to the decisionmaker that the *remaining occupational base is significantly diminished for light work.*

SSR 83-14 at 4 (emphasis added).

SSR 85-15, also cited by the ALJ, provides:

> *Limitations in climbing and balancing can have varying effects on the occupational base*, depending on the degree of limitation and the type of job. Usual everyday activities, both at home and at work, include ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so ... Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work ... *Where the effects of a person's actual limitations on climbing and balancing on the occupational base are difficult to determine, the services of a VS may be necessary.*

SSR 85-15 at 6 (emphasis added).

Where the extent of erosion of the occupational base is not

---

[4] Reuben Beezy, M.D., testified at the hearing (Tr. 34-39).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                          - 12 -

clear, the adjudicator will need to consult a vocational resource. SSR 83-12 at 2.

The Commissioner bears the burden of proof at step five. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(citation omitted). As in *Shahabzada v. Astrue*, 2010 WL 653580 (S.D.Cal.), the ALJ's conclusion that Mr. Schriver's limitations do not significantly reduce the occupational base is entirely unsupported. It is conclusory and lacks meaningful analysis. Although it may, ultimately, turn out to be correct, it is not supported by "such relevant evidence as a reasonable mind might accept as adequate to support [its] conclusion." *Id*. at 3, citing *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

In the Court's view plaintiff's true assessed visual limitations combined with additional nonexertional limitations may significantly diminish plaintiff's occupational base. On remand a vocational expert's testimony is necessary to clarify the combined effects of plaintiff's assessed limitations. At step five the ALJ observes plaintiff has been able to work at SGA levels. Presumably the ALJ refers to plaintiff's abilities before onset in 2006, since at step one he found plaintiff did not engage in SGA after onset (*cf*. Tr. 18 *with* Tr. 26). This reason is not persuasive because it does not address plaintiff's limitations during the relevant time frame.

A vocational expert's testimony is necessary to clarify the effects of plaintiff's combined limitations on the occupational base.

The Court wishes to make clear it expresses no opinion as to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                  - 13 -

what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the additional evidence he or she deems appropriate. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)("[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

**B. Dr. Pollack's opinion**

Plaintiff alleges the ALJ should have adopted the marked and moderate mental limitations[5] assessed by examining psychologist Dr. Pollack.[6] According to the Commissioner, the ALJ gave specific and legitimate reasons for rejecting Pollack's contradicted opinion. The parties agree this is the correct standard, as does the Court.

Dr. Pollack evaluated plaintiff on February 15, 2010, more than four years after onset. The ALJ gave it "absolutely no weight" because there are no treatment notes, application alleged disability based solely on physical limitations, and the evaluation was requested by plaintiff's counsel (Tr. 21-23, referring to Tr. 322-332). At the hearing plaintiff indicated he just wanted to address "the physical," presumably rather than the mental, limitations (Tr. 37).

The ALJ is correct. Plaintiff has had no mental health treatment. No other professional has noted signs of mental

---

[5] *see* Tr. 330.

[6] Dr. Pollack diagnosed depressive disorder NOS, pain disorder associated with both psychological factors and general medical condition, and personality disorder with avoidant and negativistic traits (Tr. 327).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                              - 14 -

impairment. In July 2006, ten days before onset, examining cardiologist William Stifter, M.D., notes "no depression, anxiety or agitation" (Tr. 262). Results of the MMPI-2 given by Pollack show plaintiff exaggerated. The applications for benefits did not allege mental impairment (Tr. 22-23, 322).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 24). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

The ALJ gave clear and convincing reasons for his unchallenged credibility assessment, including (1) inconsistent statements; (2) activities inconsistent with claimed disabling limitations, and (3) a lack of supporting medical evidence for complaints of disabling limitations (Tr. 24).

Plaintiff has inconsistently reported his use of drugs, alcohol, and tobacco. In January 2005, he told PAC Ed Hendrickson he uses THC occasionally (Tr. 280). In 2010 he told Dr. Pollack he has been drug free since 1998 (Tr. 324). Because a claimant's inconsistent statements diminish credibility, it is a factor the ALJ may properly consider. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

Examining doctor Robert Bray, M.D., found in January 2009 plaintiff's sole limitation was lifting (Tr. 296). Plaintiff walks a half mile to get water and then carries it home. He chops wood

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                              - 15 -

for heat (Tr. 24-25; 182; 184). If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations. *See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999)(citation omitted).

Significantly, there are no records of mental health treatment. Plaintiff told Dr. Pollack he suffers from depression but had never undergone a psychiatric or psychological evaluation (Tr. 324).

The record supports the ALJ's unchallenged credibility finding, and further supports the ALJ's rejection of Dr. Pollack's opinion. An ALJ may discount an examining professional's contradicted opinion by giving specific and legitimate reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

ALJ Payne discounted the examining psychologist's contradicted opinion for specific, legitimate reasons: a complete lack of treatment, contradictory opinions by other professionals, tests showing exaggeration, and failing to allege mental limitations until years after onset (Tr. 22-23). These reasons are supported by substantial evidence. There was no error. *See Andrews*, 53 F.3d at 1042-1043; *Magallanes*, 881 F.2d at 751-752.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                              - 16 -

*Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's reasons for rejecting Dr. Pollack's opinion are free of error and supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is not supported by substantial evidence and contains legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment **(Ct. Rec. 14)** is **granted. The case is reversed and remanded pursuant to sentence four for further administrative proceedings, specifically, a new step five determination.**

2. Defendant's motion for summary judgment **(Ct. Rec. 16)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Plaintiff, and **CLOSE** this file.

DATED this 12th day of September, 2011.

                              s/ James P. Hutton

                              JAMES P. HUTTON
                         UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS                                        - 17 -